**UNITED STATES of America,**
Appellee,

v.

**Johnnie SAEZ, Defendant–Appellant.**

No. 04–3944–CR.

United States Court of Appeals,
Second Circuit.

June 13, 2005.

Laurie S. Hershey, Manhasset, NY, for Appellant.

Morris J. Fodeman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, LEVAL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DE-CREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Johnnie Saez appeals from a judgment entered on July 16, 2004, in the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) convicting him, after a jury trial, of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and sentencing him principally to a term of imprisonment of 180 months. Familiarity with the facts and procedural history is assumed.

On appeal, Saez contends that (1) the district court erred in denying his motion to suppress the firearm, (2) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and (3) he is entitled to a remand in light of *Shepard v. United States,* — U.S. —, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

Reviewing the district court's factual findings for clear error and "grant[ing] particularly strong deference" to its credibility determinations, *United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002), we conclude that Judge Sifton did not err in denying the suppression motion. As set forth in its October 29, 2003, memorandum

and order, the district court properly concluded that the vehicle stop and search of Saez's person was justified, given the observed traffic violations and Saez's conduct after the stop. *See United States v. Scopo,* 19 F.3d 777, 781–85 (2d Cir.1994).

Saez also alleges that, because of his life-threatening illnesses, the 180–month sentence violates the Eighth Amendment. We find that there was no error. Judge Sifton departed from the Guidelines range and sentenced Saez to the applicable statutory mandatory minimum. The possibility that Saez could die before he has finished serving his sentence does not amount to cruel and unusual punishment. *See United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003).

Finally, we reject Saez's request for a remand in light of *Shepard.* At sentencing, Saez's counsel stipulated that he had three prior convictions for crimes of violence, which took place on separate occasions and were punishable by imprisonment of more than one year.

We have carefully considered Saez's other arguments, including his claim of ineffective assistance of counsel, and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**